98 N.J. Super. 252 (1967)
236 A.2d 888
BERTHA JACOBS AND HARRY JACOBS, PLAINTIFFS,
v.
ELMER A. PENDEL, DEFENDANT BELOW,
v.
RUTH N. MILLER AND PLEDGE MILLER, DEFENDANTS-RESPONDENTS, KISSELMAN, DEVINE, DEIGHAN & MONTANO, INTERVENING APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued November 27, 1967.
Decided December 15, 1967.
*253 Before Judges KILKENNY, CARTON and HORN.
Mr. Neil F. Deighan, Jr. for intervening-appellants (Messrs. Kisselman, Devine, Deighan & Montano, attorneys, pro se).
No one appeared in behalf of defendants-respondents.
*254 The opinion of the court was delivered by HORN, J.S.C. (temporarily assigned).
The attorneys for defendants in this automobile personal injury accident case appeal from an order denying their motion for leave to withdraw as attorneys. Since this was an interlocutory order, leave to appeal was sought and granted.
On September 13, 1964 Pledge Miller and Ruth N. Miller were involved in an automobile accident in which plaintiffs were allegedly injured. A complaint was filed in March 1965 and Bankers Allied Mutual Insurance Company, insurers of the Millers, retained appellants to defend the action in behalf of the Millers. In May 1965 appellants filed an answer on behalf of the Millers and subsequently undertook further preparations in anticipation of the trial.
In November 1966 appellants learned that the insurance company was in financial difficulty. In December 1966 they forwarded an interim bill to the insurance company in the amount of $885 plus expenses of $101.50, or a total of $986.50. This was never paid. On December 31, 1966 they received notice from the Insurance Department of the Commonwealth of Pennsylvania that the insurance company had been suspended from transacting insurance business. By letter dated January 17, 1967 appellants informed the Millers of the insolvency of their insurance company and requested a meeting at their office on January 28, 1967. The letter stated there was a strong possibility that the Millers would not have the protection of their insurance policy during the remainder of the suit being pressed against them. The Millers failed to respond to the letter or attend the meeting.
On February 6, 1967 appellants filed a motion supported by affidavit returnable on February 24, 1967 for leave to withdraw as attorneys. Copies were sent to the Millers as well as to all other parties to the action. Due to the absence of the judge from the county on other court business the return date was changed to March 10 and notice was again *255 sent to all parties. Neither the Millers nor any one else appeared in opposition to the motion.
The affidavit which accompanied the notice of motion generally recounted the above facts. It further stated that no arrangements had been made by the Millers concerning the payment of fees and expenses for future services and expenses; that plaintiff Harry Jacobs was claiming special damages of $21,462.33, and that the personal injuries allegedly sustained by him included a spinal cord compression and paralysis of the lower extremities requiring a bilateral laminectomy of the mid-back and a bilateral rhizotomy in the same area. The affidavit further recited that proper preparation of the matter for trial would require detailed medical examinations and studies for which there necessarily would be expenses.
At the hearing on the motion appellants argued that the foregoing facts warranted their withdrawal. The trial judge denied the motion because he felt it "was not made within a reasonable time, the rights of the defendants may reasonably be prejudiced, and the attorney-client relationship having existed for two years, a withdrawal by counsel now in view of the imminence of trial is legally unwarranted." The order appealed from is dated March 27, 1967.
An attorney who appears of record may withdraw from a case for justifiable and lawful cause, after giving proper notice and obtaining leave of court. The granting of leave by the court is generally in the discretion of the court and depends upon such considerations as proximity of the trial date and possibility for the client to obtain other representation. 7 Am. Jur.2d, Attorneys at Law, §§ 143-145, pp. 134-135 (1963); 7 C.J.S. Attorney and Client § 110, pp. 943-945 (1937); Cf. R.R. 1:12-7A.
Justifiable cause for an attorney's withdrawal includes the failure or refusal of a client to pay or secure the proper fees or expenses of the attorney after being seasonably requested to do so. Fairchild v. General Motors Acceptance Corp., 254 Miss. 261, 179 So.2d 185 (Miss. Sup. Ct. 1965); *256 Harms v. Simkin, 322 S.W.2d 930 (Mo. Ct. App. 1959); McKelvey v. Oltmann, 16 App. Div.2d 957, 229 N.Y.S.2d 814 (App. Div. 1962); Smith v. Bryant, 244 N.C. 208, 114 S.E.2d 303 (Sup. Ct. 1965); 7 C.J.S. supra, § 110 p. 943; Canon 44 of the Canons of Professional Ethics.
Even though an attorney who has entered an appearance of record for a client may ordinarily be justified in requesting withdrawal, he must make his application promptly for the purpose of affording his client an opportunity to obtain other counsel sufficiently in advance of the trial date as will permit reasonable preparation. Fessler v. Weiss, 348 Ill. App. 21, 107 N.E.2d 795, 798 (Ct. App. 1952).
The notice of motion was filed only nine days after the scheduled meeting with the Millers. It appears that at that time the case had not yet been scheduled for trial. It was scheduled for the first time in the trial list sent to attorneys on March 2, 1967. That list was called March 6, 1967. The trial court felt that since issues in that county are noticed for calendar call in chronological sequence, and all attorneys presumptively know which cases are about to be reached, the application was made too late.
The time lapse between the official notice of the suspension of the business of the insurance company and the time fixed for the meeting with the Millers, as well as the short interval between the date of the scheduled meeting and the filing of the motion, demonstrates there was no undue delay on the part of appellants. The passage of two weeks between the first return date of February 24, 1967 and the second return date of March 10, 1967 was not the fault of appellants. As observed, it was the result of the judge being out of the county on other court business.
If appellants had been remiss in their obligation to the court and client in failing to move with reasonable dispatch for leave to withdraw, then notwithstanding probable lack of payment to them for their services, the court's refusal to permit withdrawal could not be considered an abuse of his discretion.
*257 However, the facts establish appellants moved promptly under all the circumstances once they received the notice from the Pennsylvania Insurance Department of the definite suspension of the insurance company. Their obligation to the Millers required that they give them an opportunity to make arrangements either to retain appellants as counsel or to retain other counsel, before application for leave to withdraw was made. Consequently the motion was timely.
We recognize the problems of assignment judges in the control and disposition of cases. We interfere only with great reluctance. However, prompt disposition of cases should not supersede the doing of justice in any case, whether counsel or parties are involved. Courts exist for the sole purpose of rendering justice according to law. While the expedition of business and the full utilization of judicial time is highly to be desired, the duty of administering justice in each individual case must not be lost sight of as their paramount objective. Allegro v. Afton Village Corp., 9 N.J. 156 (1952).
The record does not disclose that under the circumstances here shown the Millers or other parties would have been unduly prejudiced if leave had been given and the Millers were afforded a reasonable time to secure other counsel or otherwise prepare for the defense of the action. Nor does the record show that administration requirements would have suffered unduly.
Accordingly, the order under review is reversed and the matter remanded to the court below with direction that leave be granted appellants to withdraw and the Millers given a reasonable time after written notice to them to prepare and appear for trial.
No costs.