993 F.2d 1541
 25 Fed.R.Serv.3d 795
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Curtis L. WRENN, individually and on behalf of all others
similarly situated, Plaintiff-Appellant,
v.
G. Bruce MCFADDEN, individually and as Director of the
University of Maryland Hospital; University of
Maryland Hospital, Defendants-Appellees,
and
Albin O. Kuhn, individually and as Chancellor of the
University of Maryland at Baltimore; Wilson H. Elkins,
individually and as Presi dent of the University of
Maryland; John S. Toll, individually and as President of
the University of Maryland; Blair Lee, III, individually
and as Acting Governor of the State of Maryland; B. Herbert
Brown, individually and as Chairman of the Board of Regents
of the University of Maryland at Baltimore; Donald W.
O'Connell, individually and as Vice President for General
Administration of the University of Maryland; University of
Maryland; State of Maryland, Defendants.
 No. 91-1058.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: November 20, 1992
Decided: May 25, 1993
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. John R. Hargrove, District Judge. (CA-82-2044-HAR)
 Curtis L. Wrenn, Appellant Pro Se.
 Robert Bolon Barnhouse, Stephen Bruce Lebau, Piper & Marbury, Baltimore, Maryland, for Appellees.
 D.Md.
 AFFIRMED.
 Before HALL, WILKINSON, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Curtis Wrenn appeals the district court's dismissal, pursuant to Fed. R. Civ. P. 41(b), of the remaining claim of this employment discrimination action for failure to pay this Court's previous Fed. R. App. P. 38 sanctions. Finding no abuse of discretion, we affirm.
 
 I.
 
 2
 In 1982, Curtis Wrenn filed an employment discrimination suit against his former employer. This Court upheld the dismissal of the majority of Wrenn's claims, but remanded for consideration of his allegations of wage discrimination. Wrenn v. McFadden, No. 85-1664 (4th Cir. Sept. 6, 1988).
 
 
 3
 Following the remand, Wrenn filed an interlocutory appeal. We warned Wrenn that additional interlocutory appeals could result in sanctions. Wrenn v. McFadden, No. 89-2121 (4th Cir. Oct. 4, 1989). Wrenn proceeded to file an interlocutory appeal, and, as warned, we imposed sanctions pursuant to Fed. R. App. P. Rule 38. Wrenn v. McFadden, No. 89-1080 (4th Cir. May 8, 1990). On June 15, 1990, Wrenn was ordered to pay $2,460.60 in Rule 38 sanctions.
 
 
 4
 The case was returned to the district court for further proceedings. Wrenn never paid the sanctions imposed by this Court, and on January 17, 1991, the district court acting sua sponte, dismissed the action pursuant to Fed. R. Civ. P. 41(b) for noncompliance with this Court's sanction order.
 
 
 5
 Although Wrenn's notice of appeal was untimely, because he was proceeding pro se, we construed a letter to the district court as a motion seeking an extension of time to file a notice of appeal. We remanded the case to the district court to determine whether there had been excusable neglect. Wrenn v. McFadden, No. 91-1058 (4th Cir. Aug. 16, 1991). On December 3, 1991, the district court determined that there had been excusable neglect and returned the case to this Court for consideration of the merits of Wrenn's appeal. In the interim, Wrenn filed a motion to stay this appeal pending a decision in an allegedly related case, Wrenn v. Sullivan, No. 91-CV-2460 (D. Md. Aug. 26, 1992).*
 
 II.
 
 6
 We review the district court's decision to dismiss a case with prejudice for noncompliance with a court order for abuse of discretion. Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978).
 
 
 7
 "A dismissal with prejudice [under Rule 41(b) ] is a harsh sanction that should not be invoked lightly in view of the sound public policy of deciding cases on their merits." Herbert v. Saffell, 877 F.2d 267, 269-70 (4th Cir. 1989) (citations and internal quotations omitted). Although we have cautioned district courts against imposing Rule 41(b) dismissals unnecessarily, the rule's text obviously contemplates such an action in the appropriate case.
 
 
 8
 Our review of the district court's decision is governed by an analysis of the following factors:
 
 
 9
 1. the degree of personal responsibility of the plaintiff,
 
 
 10
 2. the amount of prejudice caused the defendant,
 
 
 11
 3. the existence of a drawn out history of deliberately proceeding in a dilatory fashion, and
 
 
 12
 4. the existence of sanctions less drastic than dismissal.
 
 
 13
 Herbert, 877 F.2d at 270 (citations omitted).
 
 
 14
 Applying this test, we conclude that the district court did not abuse its discretion in this case. First, Wrenn is wholly responsible for the present situation since his failure to pay the Fed. R. App. P. Rule 38 sanctions ordered by this Court precipitated the district court's action. Second, the defendant has undoubtedly been prejudiced by Wrenn's failure to pay the sanctions, which were intended to compensate the defendant for the legal fees expended in fighting Wrenn's frivolous interlocutory appeal. Third, Wrenn has engaged in dilatory tactics, as evidenced by his repeated interlocutory appeals and his present motion to stay the appeal (as this litigation drifts into its second decade) pending the outcome of an allegedly related case. Finally, the district court could properly conclude that less drastic sanctions would be ineffective. Because Wrenn had months to pay and made no apparent effort to do so; we fail to see how requiring Wrenn to pay another fine would induce him to pay our prior sanctions.
 
 
 15
 The only factor that militates in Wrenn's favor is that, in light of his pro se status, the district court would have been better advised to issue a warning before invoking the ultimate sanction of dismissal. Indeed, we have adopted a similar rule in summary judgment proceedings. See Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) (pro se plaintiff must be informed of the potential consequences of summary judgment proceedings and his right to file responsive materials). However, under these circumstances we are not prepared to say the district court abused its discretion. This litigation has lasted over a decade, and Wrenn has filed repeated frivolous pleadings. Additionally, because the dismissal was based upon an earlier sanction, Wrenn was undoubtedly on notice that his failure to comply with our order would have some adverse effect.
 
 III.
 
 16
 Wrenn's motion to stay this appeal pending the decision in Wrenn v. Sullivan, No. 91-CV-2460 (D. Md. Aug. 26, 1992) is dismissed as moot. The district court's judgment dismissing Wrenn's claim is affirmed.
 
 
 17
 Because our review of the record and other materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument.
 
 AFFIRMED
 
 
 *
 This motion was mooted by our decision in Wrenn v. Sullivan, et al., Nos. 91-1138, 91-1582 (4th Cir. Dec. 28, 1992)