**George RUSINOW, et al., Plaintiffs,**

v.

**Abu KAMARA, et al., Defendants.**

C.A. No. 94–1958.

United States District Court,
D. New Jersey.

March 25, 1996.

David M. Taus, Francis J. DeVito, Hackensack, NJ, David J. Berg, Latti Associates, Boston, MA, for Plaintiffs.

Thomas A. Zammatore, Garrabrandt & Andolino, Little Falls, NJ, for Defendants, Abu Kamara and Barami Enterprises, Inc.

Christine Sullivan, Law Office of Gregory Jaeger, North Brunswick, NJ, for Defendants, George Williams and Billy Love.

## OPINION

ORLOFSKY, District Judge.

This matter comes before the Court on the motion of the law firms of Latti Associates and the Offices of Francis J. DeVito, attorneys for Plaintiffs, George Rusinow, Artur Jedrych and Michael Trucking Corporation, to withdraw as counsel for all Plaintiffs. In support of their motion, Plaintiffs' counsel have submitted the Certification of David J. Berg, Esq., dated March 14, 1996 ("Berg, March 14, Certification"), as well as the Affidavit of David J. Berg, Esq., dated March 18, 1996, to which six exhibits are attached, which has been submitted to me for *in camera* review.[1]

Oral argument was heard on this motion by telephone conference call on the record on March 22, 1996. The trial of this matter is scheduled to begin on April 1, 1996, and the parties have been directed to submit Trial Briefs, Requests to Charge and proposed *Voir Dire* questions by March 25, 1996. Moreover, the Final Pretrial Order was filed in this case on June 2, 1995, almost ten months ago.

The issue presented in this case is twofold: (1) whether movants can establish good cause to withdraw as Plaintiffs' counsel pursuant to Rule 1.16(b) of the New Jersey Rules of Professional Conduct; and (2) assuming a showing of good cause, whether the withdrawal of Plaintiffs' counsel can be accomplished without a material adverse effect on the interests of their clients, the interests of the other parties to this action, and the administration of justice. *See* Lite, N.J. Federal Practice Rules, (1996 Ed.), Comment to Rule 18 at 116, *citing Avante–Garde Computing Inc. Securities Litigation,* Civ. No. 85–4149 (D.N.J. letter op. and order filed

August 31, 1989) (Simandle). Because this Court finds that movants' withdrawal as counsel for Plaintiffs will adversely affect the interests of both their clients and the Defendants, and that their withdrawal will significantly interfere with the timely adjudication of this action, their motion will be denied.

## *FACTUAL AND PROCEDURAL HISTORY*

This action, originally filed by Plaintiffs on April 29, 1994, arises out of a motor vehicle accident which occurred on the New Jersey Turnpike on February 21, 1994, involving Plaintiff, George Rusinow, and Defendant, Abu Kamara. At the time of the accident, Mr. Rusinow was driving a motor vehicle owned by Plaintiffs, Artur Jedrych and Michael Trucking Corp., and Mr. Kamara was driving a motor vehicle owned by Defendant, Barami Enterprises, Inc.

As noted above, a Final Pretrial Stipulation and Order ("Final Pretrial Order") was entered on June 2, 1995. On February 22, 1996, Defendants, Abu Kamara and Barami Enterprises, Inc., filed a Motion to Amend the Pretrial Order to name an additional fact witness, John W. Betzold, Jr., and to include as an additional exhibit the Driving Record Report of Plaintiff, George Rusinow, issued by the State of Maine. Defendants, George Williams and Billy Love, informally joined in the motion. In an Opinion and Order, dated March 11, 1996, this Court granted Defendants' Motion to Amend the Pretrial Order.

On March 15, 1996, the law firms of Latti Associates and the Offices of Francis J. De-Vito, attorneys for Plaintiffs, George Rusinow, Artur Jedrych and Michael Trucking Corporation, filed a motion to withdraw as counsel for all Plaintiffs. This motion is presently before this Court.

## *DISCUSSION*

Rule 18 of the General Rules of the United States District Court for the District of New Jersey ("General Rule 18") provides in relevant part that "[a]fter a case has been

---

1. This affidavit, which contains privileged communications between Mr. Berg's law firm and Plaintiffs, has been filed under seal.

first set for trial, substitution and withdrawal shall not be permitted except by leave of Court." Whether to permit an attorney to withdraw is within the discretion of the court. *See Streetman v. Lynaugh,* 674 F.Supp. 229, 234 (E.D.Tex.1987). In granting or denying a motion to withdraw, a court will consider factors such as: (1) the reasons why withdrawal is sought; (b) the prejudice withdrawal may cause to other litigants; (c) the harm withdrawal might cause to the administration of justice; and (d) the degree to which withdrawal will delay the resolution of the case. *See* Lite, N.J. Federal Practice Rules, Comment Rule 18, *citing Avante–Garde Computing Inc. Securities Litigation,* Civ. No. 85–4149 (D.N.J. letter op. and order filed August 31, 1989) (Simandle). *See also Haines v. Liggett Group, Inc.,* 814 F.Supp. 414, 423 (D.N.J.1993).

■ In addition to General Rule 18, this Court must consider the criteria set forth in RPC 1.16 of the New Jersey Rules of Professional Conduct ("RPC 1.16"), in deciding whether to grant an attorney leave to withdraw. The New Jersey Rules of Professional Conduct are made applicable in this Court by General Rule 6.[2] *Haines v. Liggett Group, Inc.,* 814 F.Supp. at 422. The provisions of RPC 1.16 are consistent with the criteria embodied in General Rule 18. *Haines,* 814 F.Supp. at 423. *See also* Lite, N.J. Federal Practice Rules, (1996 Ed.), Comment to Rule 18 at 116.

RPC 1.16 governs the termination of an attorney's representation of a client. In particular, RPC 1.16(a)(1) states that a lawyer *shall* withdraw from representing a client where "the representation will result in violation of the Rules of Professional Conduct or other law." In addition, RPC 1.16(b) permits a "lawyer [to] withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if" any of the criteria enumerated in (b)(1)–(6) is met.[3]

■ Withdrawal pursuant to both RPC 1.16(a) and (b) is limited by RPC 1.16(c) which states that "[w]hen required to do so by rule or when ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation." RPC 1.16(c) recognizes the notion that "even if withdrawal is otherwise appropriate, other considerations must sometimes take precedence, such as maintaining fairness to litigants and preserving a court's resources and efficiency." *Haines v. Liggett Group, Inc.,* 814 F.Supp. at 423. Criteria such as the proximity to trial and the possibility for a client to obtain substitute counsel are also relevant considerations. *Jacobs v. Pendel,* 98 N.J.Super. 252, 255, 236 A.2d 888 (App.Div.1967).

■ In support of the motion to withdraw in the instant case, Mr. Berg states that on February 21, 1996, he was notified by the insurer and the counsel for Defendants, Kamara and Barami, "of certain evidence involving Plaintiff Rusinow which would potentially impeach his credibility and possibly constitute insurance fraud or perjury, if proven." (Berg, March 14, Certification ¶ 8). Mr. Berg further states that he informed his clients of the information he learned from the

---

**2.** General Rule 6 provides, in relevant part, that:

(A) The Rules of Professional Conduct of the American Bar Association as revised by the New Jersey Supreme Court shall govern the conduct of the members of the bar admitted to practice in this Court, subject to such modifications as may be required or permitted by federal statute, regulation, court rule or decision of law.

**3.** RPC 1.16(b) states, in relevant part, that except as stated in paragraph (c), a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interest of the client, or if:

(1) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;

(2) the client has used the lawyer's services to perpetrate a crime or fraud;

(3) a client insists upon pursuing an objective that the lawyer considers repugnant or imprudent;

(4) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the ·client; or

(6) other good cause for withdrawal exists.

insurer and Defendants' counsel, and based upon his clients' responses to that information, he is seeking to withdraw as counsel based upon RPC 1.16(b)(1), (3), (5) and (6),[4] and RPC 3.3(a)(2), and (4).[5] (Berg, March 14, Certification ¶¶ 7, 8).

Mr. Berg has also submitted an affidavit dated March 18, 1996, for my *in camera* review in support of the motion to withdraw. Based upon the information contained in this affidavit, as well as in his March 14, Certification, the Court concludes that Plaintiffs' counsel have not established good cause to withdraw pursuant to RPC 1.16(b). *See Haines v. Liggett Group, Inc.*, 814 F.Supp. at 423.

Even assuming that counsel had been able to demonstrate good cause to withdraw from the representation of Plaintiffs, equitable factors would preclude this Court from granting their motion. Once an attorney "agrees to undertake the representation of a client, he or she is under an obligation to see the work through to completion." *Id.* at 424; *see also Streetman v. Lynaugh*, 674 F.Supp. 229, 234 (E.D.Tex.1987).

Plaintiffs' counsel have not demonstrated the availability of substitute counsel to represent their clients, or that any substitute counsel could effectively prosecute this action in a timely fashion. In cases where withdrawal would significantly impair a party's ability to maintain the action, the court has not permitted counsel to withdraw. *See Haines v. Liggett Group*, 814 F.Supp. at 425; *Kriegsman v. Kriegsman*, 150 N.J.Super. 474, 479–480, 375 A.2d 1253 (App.Div.1977). As counsel for Plaintiffs in this action for almost two years, movants are uniquely aware of the facts, documents, and legal issues relating to Plaintiffs' case. The Final Pretrial Order was entered in this case on June 2, 1995. The trial in this action is scheduled to begin on April 1, 1996, less than two weeks away. In addition, this Court has ordered trial briefs, requests for charge and proposed *voir dire* questions to be submitted by counsel on March 25, 1996.

To allow Plaintiffs' counsel to withdraw at this time would significantly interfere with this Court's scheduling of this action for trial and will certainly delay the resolution of this case. Their withdrawal not only would prejudice their clients' rights to representation, but would also interfere with the rights of the Defendants in this action, who have been waiting for the final resolution of this matter since April 29, 1994, the date of the filing of the complaint.

Plaintiffs' counsel have not presented this Court with any compelling reasons to justify their withdrawal. It is they who chose to file this action, and therefore, they who must be prepared to see it to completion. This case has been dormant since the entry of the Final Pretrial Order in June, 1995. The frenetic flurry of activity by counsel to withdraw shortly after the entry of this Court's Order granting Defendants' Motion to Amend the Final Pretrial Order to include an additional fact witness and exhibit,[6] on the eve of trial, will not be countenanced by this Court. A sudden disenchantment with a client or a cause is no basis for withdrawal. Those who cannot live with risk, doubt and ingratitude should not be trial lawyers. A lawyer's duty to his or her client cannot be sacrificed to ambivalence.

For the foregoing reasons, the motion of the law firms of Latti Associates and the Offices of Francis J. DeVito to withdraw as counsel for Plaintiffs will be denied. This Court will enter an appropriate order.

## ORDER

This matter having come before the Court upon the oral application of David J. Berg,

---

4. *See* Footnote 2, *supra.*

5. RPC 3.3(a) states, in relevant part, that a lawyer shall not knowingly:
   (2) fail to disclose a material fact to a tribunal when disclosure is necessary to avoid assisting an illegal, criminal or fraudulent act by the client;
   (4) offer evidence that the lawyer knows to be false. If a lawyer has offered material evidence and comes to know of its falsity, the lawyer shall take reasonable remedial measures.

6. Indeed, this amendment to the Final Pretrial Order did not affect the preparation of this case for trial. Plaintiffs' counsel declined the opportunity to depose the new fact witness, or take any discovery whatsoever with respect to the amendment to the Final Pretrial Order.

Esq., of the law firm of Latti Associates, for permission to submit in support of the motion of the law firms of Latti Associates and the Offices of Francis J. DeVito, attorneys for Plaintiffs, George Rusinow, Artur Jedrych and Michael Trucking Corporation, to withdraw as counsel for all Plaintiffs, his affidavit, dated March 18, 1996, to which Exhibits A,B,C,D, and E are attached, *in camera,* and for it to remain under seal; and

The Court having considered Mr. Berg's application;

IT IS HEREBY ORDERED this 25th day of March, 1996, that Mr. Berg's application to submit his affidavit, dated March 18, 1996, with attached exhibits *in camera* is granted; and

IT IS HEREBY FURTHER ORDERED that Mr. Berg's March 18, 1996, affidavit with attached exhibits shall remain under seal until further order of this Court.