**In re LANDS END LEASING, INC., Debtor.**

**Peggy E. STALFORD, Trustee of Lands End Leasing, Inc., Plaintiff,**

v.

**BLUE MACK TRANSPORT, INC., a Pennsylvania Corporation; Continental American Transport Inc., a corporation, North American Motor Freight Investment Group, a corporation, Meyers Men Acquisition Corp., a corporation, Amsouth Bank (f/k/a Fortune Savings Bank), a Florida corporation, Herbert Bailey, individually and as an officer of Lands End Leasing, Inc., and John Doe Truckdriver 1 through 150, Defendants.**

**Bankruptcy No. 93–36360.**
**Adversary No. 95–3013TS.**

United States Bankruptcy Court,
D. New Jersey.

May 13, 1998.

Jeffrey A. Donner, Shain, Schaffer & Rafanello, Bernardsville, NJ, for Special Purpose to Chapter 7 Trustee Peggy Stalford.

Albert A. Ciardi, III, Ciardi, Maschmeyer & Karalis, Cherry Hill, NJ, for Defendants.

### MEMORANDUM OPINION

STEPHEN A. STRIPP, Bankruptcy Judge.

This is the court's decision on two related motions. First, Peggy E. Stalford, the trustee (hereinafter "plaintiff" or "trustee") in bankruptcy of Lands End Leasing, Inc., filed a motion through special counsel for sanctions against the defendants in this adversary proceeding pursuant to Federal Rule of Civil Procedure 37(b) (hereinafter "FED.R.CIV.P. 37(b)") and Federal Rule of Bankruptcy Procedure 7037 (hereinafter "FED.R.BANKR.P. 7037"). The defendants oppose the motion. The issue on that motion is what remedy is appropriate for defendants' failure to pay the plaintiff sanctions imposed by the September 25, 1997 Order Awarding Sanctions to Peggy E. Stalford, Trustee Against Adversary Proceeding Defendants (hereinafter "September 1997 Order"). Second, defendants' counsel, Albert A. Ciardi, Esq. (hereinafter "Ciardi"), filed a cross-motion to withdraw as counsel. The plaintiff opposes the motion. The issue on that motion is whether the court should allow Ciardi's withdrawal. The court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 151, and 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E) and (O). On January 6, 1998, the court held a hearing on the motions and reserved decision. The following constitutes the court's findings of fact and conclusions of law.

### FINDINGS OF FACT

On January 1, 1995, the plaintiff filed her complaint in this adversary proceeding. The causes of action were described in the court's prior opinion of March 27, 1996, and will not be repeated here. *See In re Lands End Leasing, Inc.,* 193 B.R. 426 (Bankr.D.N.J. 1996). The defendants failed to produce discovery of certain documents. As a result, the plaintiff filed a motion to compel production of the documents. On December 18, 1996, the court entered an order compelling production of documents (hereinafter "December 1996 Order"). Six months later, plaintiff had to file a motion pursuant to FED.R.CIV.P. 37(b) and FED.R.BANKR.P. 7037 for sanctions against the defendants for failure to comply with the December 1996 Order. The defendants submitted a cross-motion for sanctions. The court granted the plaintiff's motion for sanctions and denied defendants' cross-motion. On July 17, 1997, the court entered an order to that effect (hereinafter "July 1997 Order"). In the July 1997 Order, the court reserved the right to impose further sanctions on defendants under FED.R.CIV.P. 37(b) and FED.R.BANKR.P. 7037. The court then entered the September 1997 Order awarding the plaintiff $4,001.67 for fees and expenses incurred in compelling discovery.

On December 10, 1997, the plaintiff filed another motion for sanctions pursuant to FED.R.CIV.P. 37(b) and FED.R.BANKR.P. 7037, which is at issue here. The motion is based upon defendants' failure to pay the $4,001.67 sanction as provided in September 1997 Order. As a defense, the defendants claim an inability to pay the sanction. No evidence in support of that allegation was offered, however. In addition, prior to the hearing on this motion, the defendants offered the plaintiff a $5,000 settlement of the entire case. In the interim, Ciardi filed a cross-motion requesting leave of court to withdraw as defendants' counsel. On January 6, 1998, the court held a hearing on both motions. At the hearing, both parties agreed that discovery is now complete. Plaintiff believes that defendants have withheld or destroyed certain documents, but she has not been able to prove this allegation.

### Plaintiff's Position

In support of her sanctions motion, the plaintiff argues that the court should strike the defendants' answers and defenses, enter default judgment, deem the plaintiff's allegations in her complaint as proven, and hold defendants in contempt of court for their failure to pay the sanctions. In opposition to Ciardi's cross-motion to withdraw, the plaintiff argues inevitable delay and the fact that it is "now the eleventh hour in this litigation." Jeffrey A. Donner's Aff. ¶ 16.

### Defendants' Position

In response to plaintiff's sanctions motion, the defendants argue that the appropriate remedy is to convert the sanctions award into a judgment and to allow the plaintiff to pursue execution. Defendants argue that a more serious sanction is not appropriate because they produced the discovery required by the December 1996 Order.

### Ciardi's Position

Ciardi argues that his withdrawal as counsel for the defendants is justified because of defendants' lack of cooperation and failure to pay attorneys' fees and other litigation costs.

### CONCLUSIONS OF LAW

#### I. *Appropriate Remedy for Failure to Pay Sanctions*

FED.R.BANKR.P. 7037 incorporates FED. R.CIV.P. 37 in adversary proceedings. FED. R.BANKR.P. 7037. If a party fails to obey an order to provide discovery, FED.R.CIV.P. 37(b)(2) allows the trial court to "make such orders in regard to the failure as are just...." FED.R.CIV.P. 37(b)(2). *See Newman v. GHS Osteopathic, Inc., Parkview Hospital Division,* 60 F.3d 153, 156 (3d Cir. 1995) (stating that the imposition of sanctions for abuse of discovery is a matter within discretion of trial court); *Digregorio v. First Rediscount Corp.,* 506 F.2d 781, 788 (3d Cir. 1974) (explaining that the choice of an appropriate sanction to impose upon a failure of a party to comply with a discovery order is committed to the sound discretion of the trial court).

FED.R.CIV.P. 37(b) lists several sanctions which a court may impose for failure to

comply with a discovery order and the court will address two of those sanctions requested by plaintiff. First, the court will examine whether under FED.R.CIV.P. 37(b)(2)(C) it should strike out pleadings or render a judgment by default against the disobedient party. FED.R.CIV.P. 37(b)(2)(C). Second, the court will discuss whether under FED. R.CIV.P. 37(b)(2)(A) it is appropriate to enter "(a)n order that ... designated facts shall be taken to be established for the purposes of the action...." FED.R.CIV.P. 37(b)(2)(A). FED.R.CIV.P. 37(b) concludes with the following provision:

> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

FED.R.CIV.P. 37(b)(2).

■ Two standards limit a trial court's discretion to impose sanctions for discovery violations. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 705, 102 S.Ct. 2099, 2105–06, 72 L.Ed.2d 492 (1982). A sanction must be just, and it must specifically relate to the claim or claims at issue in the order to provide discovery. 456 U.S. at 707, 102 S.Ct. at 2107. *See also DiGregorio*, 506 F.2d at 789 (stating "[o]nly where the sanction invoked is more stern than reasonably necessary does the denial of due process result."). In light of those limitations, the court turns to discuss the sanctions listed under FED.R.CIV.P. 37(b)(2)(C) and FED.R.CIV.P. 37(b)(2)(A).

### A. *Striking Answers and Defenses and Default Judgment Pursuant to FED. R.CIV.P. 37(b)(2)(C).*

■ The court's research has not found any opinion of the Third Circuit on whether a trial court may enter a default judgment or strike answers and defenses when a defen-

dant falls to obey a court order to pay a monetary sanction arising out of FED. R.CIV.P. 37(b) discovery violations. However, this court finds the Ninth Circuit Court of Appeal's reasoning in *Securities and Exch. Comm'n v. Seaboard Corp.*, 666 F.2d 414 (9th Cir.1982), persuasive.[1] In *Seaboard*, the Ninth Circuit held that the trial court abused its discretion in declining to set aside the default judgment entered for failure to pay a monetary sanction. *Id.* at 417. It explained that a default judgment against the defendant for failure to pay a discovery violation sanction when the defendant had complied with the order to provide the discovery was punitive and a violation of due process because the court could not presume that the case lacked merit. *Id.* at 417. *See also TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 916 (9th Cir.1987) (citing *Seaboard*, 666 F.2d at 416–17). Unfortunately, neither *Seaboard* nor any other published opinion states what remedy should be granted for failure to pay a monetary sanction imposed in connection with a failure to produce discovery, when the discovery is subsequently produced.

In this case, the court declines to enter an order either striking the defendants' answers and defenses or entering default judgment for the reasons stated in *Seaboard*. The defendants have now complied with the discovery production order as did the defendants in *Seaboard*. Transcript of January 14, 1998, Hearing on FED.R.CIV.P. 37(b) Motion at 3. The plaintiff's request to strike defendants' answers and defenses and to enter default judgment is therefore denied.

### B. *Complaint Accepted as Established Pursuant to Fed.R.Civ.P. 37(b)(2)(A).*

■ Plaintiff requests in the alternative that the court enter an order under FED. R.CIV.P. 37(b)(2)(A) determining that the facts alleged in the complaint are deemed to be established because of the defendants' failure to pay the sanction. "Sanction orders taking the plaintiff's allegations as estab-

---

1. In *Seaboard*, the discovery violations were pursuant to FED.R.CIV.P. 37(a)(4). Nonetheless, this court finds the analysis therein to be applicable here because FED.R.CIV.P. 37(b) incorporates FED.

R.CIV.P. 37(a): *"Sanctions by court in Which Action Is Pending.* If a party ... fails to obey an order to provide or permit discovery, including an order under subdivision (a) of this rule...."

lished and awarding judgment on that basis are 'the most severe penalty,' and are authorized only in 'extreme circumstances.' " *Commodity Futures Trading Comm'n v. Noble Metals Intern., Inc.,* 67 F.3d 766, 770–71 (9th Cir.1995) (citations omitted), *cert. denied, Schulze v. Commodity Futures Trading Comm'n,* — U.S. ——, 117 S.Ct. 64, 136 L.Ed.2d 26 (1996). Two alternative analyses can result in such sanction. First, if the result of deeming plaintiff's allegations in her complaint as true is tantamount to a default judgment, the court must balance the following factors: 1) the extent of the party's personal responsibility; 2) a history of dilatoriness; 3) whether the attorney's or party's conduct was willful or in bad faith; 4) meritoriousness of the claim (i.e., whether the allegations in the pleadings support recovery); 5) prejudice to the other party; and 6) appropriateness of alternative sanctions. *Ali v. Sims,* 788 F.2d 954, 957 (3d Cir.1986) (holding that where district court sanctioned defendants by deeming allegations in plaintiff's complaint to be admitted, the ruling was equivalent to a default judgment and therefore required application of the factors set forth in *Poulis v. State Farm Fire and Casualty Co.,* 747 F.2d 863 (3d Cir.1984)). *See also Estate of Spear v. C.I.R.,* 41 F.3d 103, 110 (3d Cir.1994) (stating *Poulis* factors apply to sanction of deeming certain facts to be established).

■ Second, if the sanction is not the equivalent to a default judgment, the court must follow the analysis in *Chilcutt v. United States,* 4 F.3d 1313 (5th Cir.1993), *cert. denied, Means v. Wortham,* 513 U.S. 979, 115 S.Ct. 460, 130 L.Ed.2d 367 (1994). *See Spear,* 41 F.3d at 110 (the Third Circuit adopted the reasoning of the Fifth Circuit in *Chilcutt*). Such analysis requires a balancing exercise which considers: "1) culpability (including willfulness and bad faith, and whether the client was responsible or solely the attorney); 2) prejudice; and 3) whether lesser sanctions would have been effective." *Id.* at 111. *See also Commodity Futures Trading Comm'n.,* 67 F.3d at 771 (explaining that

to take a nonviolating party's allegations as established for awarding judgment the court must examine willfulness or bad faith of the violating party, prejudice to the nonviolating party, and the availability of less drastic sanctions.) These factors are consistent with *Ins. Corp. of Ireland,* 456 U.S. at 707, 102 S.Ct. at 2107, because they are an "elaboration of the meaning of 'just' and 'related to the particular claim' in particular contexts." *Spear,* 41 F.3d at 111.[2] The approach of deeming facts to be established is not necessarily equivalent to entering default judgment. *Chilcutt* held that such a sanction is not equivalent to default judgment if the defendants may still present their case in chief on affirmative defenses and the plaintiff maintains the burden of proving damages. *Chilcutt,* 4 F.3d at 1320.

■ In the instant case, the court must balance the six *Poulis* factors to determine whether it may deem the allegations in the plaintiff's complaint to be established.

**1.** ***The Extent of Defendants' Personal Responsibility.***

Personal responsibility, the first *Poulis* factor, weighs in favor of the plaintiff. The defendants were the cause of the discovery misconduct which triggered the court's December 1996 Order compelling them to produce necessary documents:

> Defendants Blue Mack Transport, Inc.; Continental American Transport Group, Inc.; North American Financial Investment Group, Inc.; Meyers Men Acquisition; and Herbert Bailey, Individually, are hereby compelled to produce all records, documents and other things in their possession or subject to their control which are responsive to Plaintiff's Revised Request for Production of Documents. . . .

December 1996 Order at 2. The defendants, each aware of the court's December 1996 Order, failed to comply with it. The court then imposed the $4,001.67 sanction on the defendants.

*General Ins. Co. of America v. Eastern Consol. Utilities, Inc.,* 126 F.3d 215, 220–21 (3d Cir. 1997).

---

**2.** Under both analyses a court cannot direct that designated facts be taken as true when those facts are unrelated to the claim or defense with respect to which the discovery is being sought.

### 2. *A History of Dilatoriness.*

Defendants have a history of dilatory tactics in this case. The December 1996 Order was the result of plaintiff's repeated efforts to obtain required documentation on a voluntary basis from defendants. Donner Aff. ¶ 1. The trustee filed her first motion for sanctions because the defendants were delinquent in complying with the December 1996 Order. After oral argument on August 4, 1997, this court found that

> the Adversary Proceeding Defendants had failed to comply with the December 18, 1996 Order of this Court compelling production of documents, that said failure was not substantially justified and that sanctions would be imposed against the Adversary Proceeding Defendants for the costs incurred by Trustee Stalford on and after December 18, 1996 in attempting to obtain production of documents pursuant to said Order.

September 1997 Order at 1. The trustee was forced to pursue a second motion for sanctions due to defendants' failure to comply with the September 1997 Order. The defendants have yet to pay sanctions pursuant to this order. The defendants' dilatory conduct and failure to comply with orders has impaired the court's ability to expeditiously process the litigation. *Poulis,* 747 F.2d at 868.

### 3. *Whether the Defendants' Conduct Was Willful or in Bad Faith.*

The defendants claim an inability to pay the fine. However, the defendants have not offered to produce any such evidence. Moreover, Herbert Bailey, on behalf of the defendants, wrote plaintiff's counsel a letter offering to settle the case for $5,000. Tr. at 6. This proposal exposes defendants' willfulness and bad faith. Obviously, defendants who have the means to offer a $5,000 settlement have the ability to pay a court-ordered $4,001.67 sanction.

### 4. *Meritoriousness of the Claim.*

A claim is meritorious when the allegations of the pleadings, if established at trial, would support recovery by the plaintiff. *Poulis,* 747 F.2d at 869. The court finds that if the plaintiff establishes her allegations against the defendants at trial, such facts would support recovery against the defendants. *See* the court's prior opinion of March 27, 1996, *Lands End Leasing,* 193 B.R. at 428–31 (describing the allegations in the complaint).

### 5. *Prejudice to the Adversary.*

There is cognizable prejudice to the extent that a plaintiff is required to spend significant time and expense in attempting to secure responses to discovery requests. *Hoxworth v. Blinder, Robinson & Co., Inc.,* 980 F.2d 912, 920 (3d Cir.1992). In the instant case, the plaintiff has undoubtedly been prejudiced by defendants' delaying tactics. The $4,001.67 sanctions were intended to compensate the plaintiff for such prejudice. The defendants' failure to pay the sanction has now caused the plaintiff to incur still greater expenses in bringing the motion to compel the defendants to pay the sanction. The plaintiff has encountered lack of cooperation from the defendants in an area where the defendants are obligated to cooperate under the federal rules, to the extent of measurable prejudice. *Poulis,* 747 F.2d at 868.

### 6. *Alternative Sanctions.*

Lastly the court considers whether alternative sanctions would be effective. It was held in *Poulis* that "[d]ismissal must be a sanction of last, not first, resort." *Id.* at 869. That standard also applies to entry of default judgments. *Hoxworth,* 980 F.2d at 922 (citing *Poulis,* 747 F.2d at 869). As previously noted, the *Poulis* factors also apply where the sanction in question is deeming facts established. *Ali,* 788 F.2d at 957–58. The question therefore is whether some less severe sanction than deeming the allegations of the complaint as established is appropriate.

It has been held that requiring a party to pay a second fine for failure to pay a first one would be an ineffective sanction. *Wrenn v. McFadden,* 1993 WL 174145, at *1 (4th Cir. 1993) (unpublished disposition). Moreover, the plaintiff has not requested an additional monetary sanction.

■ The defendants' conduct in this case has been sufficiently disdainful of their legal

obligations under the Federal Rules of Civil Procedure and court orders that the court considers it a close question whether the defendants have forfeited their right to trial. As will be addressed subsequently, their conduct is contumacious. The court is constrained to acknowledge, however, that the Third Circuit cases considered above guard the right to one's day in court so zealously that the failure to pay the sanction in question is not sufficiently egregious to forfeit that right. The court will therefore accept the suggestion of counsel for defendants that entry of a monetary judgment in the amount of the sanction, in addition of course to whatever additional judgment plaintiff may obtain on the complaint, is the most appropriate remedy.

### C. Contempt

The plaintiff also seeks to establish civil contempt for the defendants' failure to comply with the September 1997 Order. Black's Law Dictionary defines contempt in part as "the failure or refusal of a party to obey a lawful order." BLACK'S LAW DICTIONARY 319 (6th ed.1990). Sanctions for civil contempt serve two purposes: "to coerce the defendant into compliance with the court's order and to compensate for losses sustained by the disobedience." *McDonald's Corp. v. Victory Inv.*, 727 F.2d 82, 87 (3d Cir.1984).

### 1. Authority of the Bankruptcy Court to Sanction for Contempt

■ Section 105 of the United States Bankruptcy Code together with Fed. R.BANKR.P. 9020 allows the bankruptcy court to exercise contempt powers. *In re Ragar*, 3 F.3d 1174, 1180–81 (8th Cir.1993); *In re Skinner*, 917 F.2d 444, 447 (10th Cir.1990); *In re Stephen W. Grosse*, 84 B.R. 377, 387 (Bankr.E.D.Pa.1988), *aff'd*, 96 B.R. 29, 32 (E.D.Pa.1989), *aff'd sub nom., Dubin v. Jakobowski*, 879 F.2d 856 (3d Cir.1989), *cert. denied sub nom., Jakobowski v. Dubin*, 493 U.S. 976, 110 S.Ct. 501, 107 L.Ed.2d 504 (1989); *In re Baker*, 195 B.R. 309, 315 (Bankr.D.N.J.1996); *In re North Jersey Trading Corp.*, 177 B.R. 814, 817 (Bankr. D.N.J.1995), *appeal denied*, 66 F.3d 312 (3d Cir.1995); *In re Edgehill Nursing Home,*

*Inc.*, 68 B.R. 413, 415 (Bankr.E.D.Pa.1986). Specifically, section 105 permits a bankruptcy court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). FED.R.BANKR.P. 9020(a) permits determination of contempt committed in the court's presence, and paragraph (b) of the same rule provides in relevant part:

> (b) Other Contempt. Contempt committed in a case or proceeding pending before a bankruptcy judge, except where determined as provided in subdivision (a) of this rule, may be determined by the bankruptcy judge only after a hearing on notice.

FED.R.BANKR.P. 9020; *Baker*, 195 B.R. at 315. Thus, the court has authority to find defendants in contempt of court.

### 2. Procedural Requirements

A finding of civil contempt must be accompanied by certain procedural requirements. FED.R.BANKR.P. 9020(b) mandates that the court provide the alleged contemnor a hearing on notice. FED.R.BANKR.P. 9020; *Baker*, 195 B.R. at 315. In this case, the defendants have been on notice since the court's rulings of June 28, 1997, as reflected in the July 1997 Order. In that Order, the court reserved the right to impose other sanctions. On December 10, 1997, the plaintiff filed a written motion requesting that an order be entered holding the defendants in contempt for failure to pay sanctions as provided in the September 1997 Order. The claims made by the plaintiff provided the defendants with notice of the essential facts concerning their alleged contempt. The court conducted a hearing on January 14, 1998, during which defendants' failure to pay sanctions were examined. Accordingly, the notice and hearing requirement of FED.R.BANKR.P. 9020(b) is satisfied.

### 3. Standards for Civil Contempt

■ The next issue is whether the plaintiff has met the standards for civil contempt. A plaintiff must prove the following three elements by clear and convincing evidence for civil contempt: "(1) that a valid order of the court existed; (2) that the defendants had knowledge of the order; and (3) that the defendants disobeyed the order."

*Baker,* 195 B.R. at 317 (citation omitted). It is noteworthy that willfulness is not a necessary element of civil contempt. *Robin Woods, Inc. v. Woods,* 28 F.3d 396, 399 (3d Cir.1994).

### a. *Valid Court Order*

■ The first requirement that a plaintiff must satisfy for civil contempt is the existence of a valid order. A valid order exists if the terms are specific and definite. *Baker,* 195 B.R. at 318. In this case, the September 1997 Order provides in relevant part:

> The Adversary Proceeding Defendants shall make payment to Trustee Stalford as and for sanctions hereunder arising from their failure to comply with the Order of this Court entered on December 18, 1996 the sum of $4,001.67 representing $3,701.25 in fees and $300.42 in expenses incurred by Trustee Stalford to Counsel for Special Purpose. Said payment shall be made to Ms. Stalford within ten (10) days from and after the date of service of this Order.

September 25, 1997 Order at ¶ 1. The Order clearly states the sanction amount, to whom it is payable and when it is due. Thus, the Order is specific and definite.

### b. *Knowledge of the Order*

■ The second requirement is a determination that the litigant had knowledge of the order. *Baker,* 195 B.R. at 318–19. The party's knowledge of the order must be sufficient to put it on notice of the proscribed conduct. *Id.* Here, the defendants had sufficient knowledge of the September 1997 Order to understand that they must pay the sanction. Plaintiff's counsel received a conformed copy of the Order on September 30, 1997, and telefaxed the Order to defendants' counsel on that same date. Donner Aff. ¶ 10; Exhibit D (telefax cover sheet, copy of the Order telefaxed and confirmation of transmission regarding the service). The defendants do not deny knowledge of the Order.

### c. *Defendant Disobeyed Order*

The final requirement to establish civil contempt is that the defendants violated the order. In this case, the defendants failed to pay the sanction imposed by the September 1997 Order. As previously discussed, the defendants offered no evidence that they are unable to pay the sanction. To the contrary, their settlement offer demonstrates that the defendants are able to pay it. It is therefore without question that defendants violated the September 1997 Order.

■ Accordingly, the court finds it appropriate to cite the defendants for contempt of court. The court has the authority to impose various types of sanctions in response to civil contempt. *Baker,* 195 B.R. at 320. For the reasons stated above, the court holds that judgment shall be entered against the defendants, jointly and severally, to compensate the plaintiff for the loss sustained by defendants' contempt.

## II. *Motion to Withdraw*

Ciardi, attorney for the defendants, seeks to withdraw as their counsel because of defendants' lack of cooperation and failure to pay costs and fees due to his firm. The court denies Ciardi's motion for the reasons which follow.

■ The bankruptcy court follows the Local Civil Rules of the United States District Court for the District of New Jersey (hereinafter "L.Civ.R."). D.N.J. LBR 1001–1(A).[3] L.Civ.R. 102.1 provides that "[u]nless other counsel is substituted, no attorney may withdraw an appearance except by leave of Court...." In granting or denying a motion to withdraw, the court must consider factors such as: 1) the reason withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the harm withdrawal may cause to the administration of justice; and 4) the degree to which withdrawal may delay the resolution of the case. *Haines v. Liggett Group, Inc.,* 814 F.Supp. 414, 423 (D.N.J. 1993); *U.S. ex rel. Cherry Hill Convalescent,*

---

**3.** D.N.J. LBR 1001–1 provides in relevant part: "These rules and the Local Civil Rules of the United States District Court for the District of New Jersey ... shall be followed insofar as they are not inconsistent with the Bankruptcy Code (hereinafter 'Code') and the Federal Rules of Bankruptcy Procedure...." D.N.J. LBR 1001–1(a).

*Inc. v. Healthcare Rehab Systems, Inc.,* 1997 WL 834546, at *9 (D.N.J.1997).

In addition to L.Civ.R. 102.1, the court must consider the criteria set forth in RPC 1.16 of the New Jersey Rules of Professional Conduct (hereinafter "RPC 1.16")[4] which is consistent with the criteria of L.Civ.R. 102.1. *Haines,* 814 F.Supp. at 423. RPC 1.16 governs the permissive and mandatory withdrawal of an attorney's representation of a client. In particular, RPC 1.16(a)(1) states that a lawyer shall withdraw from representing a client where "the representation will result in violation of the Rules of Professional Conduct or other law...." RPC 1.16(b) permits a "lawyer [to] withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client," or if any of the criteria enumerated in (b)(1)–(6) is met. However, RPC 1.16(c) limits withdrawal pursuant to both RPC 1.16(a) and (b): "[w]hen required to do so by rule or when ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation." RPC 1.16(c). RPC 1.16(c) recognizes that "even if withdrawal is otherwise appropriate, other considerations must sometimes take precedence, such as maintaining fairness to litigants and preserving a court's resources and efficiency." *Haines,* 814 F.Supp. at 423. Proximity to trial is also a relevant consideration. *Jacobs v. Pendel,* 98 N.J.Super. 252, 255, 236 A.2d 888, 889 (App.Div.1967). Thus, both RPC 1.16(c) and L.Civ.R. 102.1 leave withdrawal of counsel to the discretion of the court. *Rusinow v. Kamara,* 920 F.Supp. 69, 71 (D.N.J.1996).

In this case, Ciardi has presented no evidence that substitute counsel is available, or that any substitute counsel could effectively represent the defendants in this action in a timely fashion. Therefore, Ciardi must obtain the leave of this court to withdraw. In support of his motion to withdraw, Ciardi alleges that the defendants have not

respond to "multiple correspondence and telephone calls." Ciardi Aff. ¶ B. The court recognizes that a client does have an obligation to cooperate with his or her attorney during the litigation process, and failure to cooperate may be just cause for withdrawal. *Woodward/White v. Impact 2000, Inc.,* 1990 WL 4625, at *1 (D.N.J.1990). Ciardi also claims that the defendants have not paid fees and costs associated with the defense of the adversary proceeding. However, "[f]ederal law does not expressly permit withdrawal by an attorney on the ground of financial hardship." *Haines,* 814 F.Supp. at 423. The court acknowledges that a client's refusal to pay proper fees and expenses after being seasonably requested to do so may be cause for an attorney's withdrawal in some cases. *Jacobs,* 98 N.J.Super. at 254, 236 A.2d 888.

A balancing of equitable factors leads the court to deny Ciardi's motion. *Rusinow,* 920 F.Supp. at 72 (citing *Haines,* 814 F.Supp. at 423) ("even if withdrawal is otherwise appropriate, other considerations must sometimes take precedence, such as maintaining fairness to litigants and preserving a court's resources and efficiency."). To allow Ciardi to withdraw at this time would prejudice the rights of the plaintiff, who has waited for trial since the complaint was filed on January 1, 1995, while Ciardi has vigorously defended the case on behalf of the defendants. In addition, the defendants themselves would presumably also be prejudiced by having to retain new counsel. *See Id.* (stating that withdrawal would prejudice parties who had been waiting more than two years for resolution of case). This adversary proceeding is more than three years old, discovery is finally complete, and the case is finally ready for trial. It would be prohibitively difficult and time consuming to find substitute counsel. Once an attorney "agrees to undertake the representation of a client, he or she is under an obligation to see the work through to completion." *Haines,* 814 F.Supp. at 424. "A sudden disenchantment with a client or a cause is no basis for

---

4. L.Civ.R. 103.1(a) makes the New Jersey RPCs applicable to this court: "The Rules of Professional Conduct of the American Bar Association as revised by the New Jersey Supreme Court shall govern the conduct of the members of the bar admitted to practice in this Court, subject to such modifications as may be required or permitted by Federal statute, regulation, court rule or decision of law. L.Civ.R. 103.1(a); *Haines,* 814 F.Supp. at 422.

withdrawal. Those who cannot live with risk, doubt and ingratitude should not be trial lawyers." *Rusinow,* 920 F.Supp. at 72. The court concludes that Ciardi's withdrawal as counsel for defendants would adversely affect the interests of his clients and the plaintiff, and would significantly interfere with the timely adjudication of this action. His motion is therefore denied.

### CONCLUSION

The court grants plaintiff's motion for sanctions in part by holding that she is entitled to judgment against the defendants in the amount of $4,001.67 for their contumacious failure to comply with an order to pay a sanction in that amount. Ciardi's cross-motion to withdraw as defendants' counsel is denied. The plaintiff is to submit an order within seven days under D.N.J.Bankr.Ct.R. 9072–1(c). In addition, the plaintiff is to arrange a phone conference with the court to set a schedule for the filing of a motion to withdraw the reference under FED. R.BANKR.P. 5011 and D.N.J. LBR 5011–1, pursuant to the court's opinion of March 27, 1996, *Lands End Leasing,* 193 B.R. at 428.