**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2489
_____

D. M., A minor, individually by and through his parents,
D'Ann McCoy; D'ANN MCCOY,

Appellants

v.

ATLANTIC AMATEUR HOCKEY ASSOCIATION; ATLANTIC DISTRICT PLAYER
DEVELOPMENT PROGRAM; USA HOCKEY, INC.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-17-cv-10671)
District Judge: Honorable Susan D. Wigenton

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 9, 2021

Before: RESTREPO, PHIPPS and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 19, 2022)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In the District Court, D'Ann McCoy filed a complaint through counsel on behalf of her minor son, D.M. McCoy alleged that various defendants involved in selecting players for an amateur hockey team had discriminated against D.M. based on his race and retaliated against him in violation of his First Amendment rights. During the pendency of the action, counsel for D.M. withdrew. A Magistrate Judge informed McCoy that if she wished to pursue D.M.'s claims, she was required to retain counsel. See ECF No. 32. McCoy did not do so. The District Court therefore dismissed D.M.'s claims without prejudice and, to the extent that McCoy sought to raise a claim personal to herself, dismissed the claim with prejudice. McCoy then filed a timely notice of appeal.[1]

Despite being informed by the Clerk of this Court that she may not litigate this appeal for D.M. without an attorney, McCoy filed a pro se brief that focuses almost entirely on D.M.'s claims. Because McCoy, as a non-lawyer, may not pursue this appeal on D.M.'s behalf, we will not consider these claims. See Osei-Afriyie by Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 883 (3d Cir. 1991).

While McCoy may assert claims on her own behalf, we will affirm the District Court's dismissal of the complaint as to her. Although one sentence in the complaint suggests that McCoy may have intended to assert a retaliation claim personal to herself, see ECF No. 33 ¶ 68, that allegation is conclusory and fails altogether to state a plausible

---

[1] We have jurisdiction under 28 U.S.C. § 1291. Although the District Court dismissed the complaint in part without prejudice, that presents no obstacle to our jurisdiction here because the appellants "cannot cure the defect in [the] complaint." Booth v. Churner, 206 F.3d 289, 293 n.3 (3d Cir. 2000).

claim.  See generally Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (explaining that

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice" to state a claim).[2]  We are also satisfied that amendment

would be futile.  See generally Grayson v. Mayview State Hosp., 293 F.3d 103, 106, 108

(3d Cir. 2002).  Therefore, we will affirm the District Court's judgment.  McCoy's

motion objecting to the supplemental appendix and seeking other relief is denied.

---

[2] McCoy also suggests that the District Court erred in permitting her retained counsel to withdraw after counsel alleged that "professional considerations require termination of the representation," but she has not identified any abuse of the Court's discretion in that respect.  See generally Rusinow v. Kamara, 920 F. Supp. 69, 71 (D.N.J. 1996); Model Rules of Pro. Conduct R. 1.16 cmt. 3 (Am. Bar Ass'n 2018) ("The lawyer's statement that professional considerations require termination of the representation ordinarily should be accepted as sufficient.").