**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2685-18T2

PAUL RICHMAN,

    Plaintiff-Appellant,

v.

A COUNTRY PLACE
CONDOMINIUM ASSOCIATION,
INC., A COUNTRY PLACE
CONDOMINIUM ASSOCIATION
BOARD OF DIRECTORS, BARRY
FRISCHMAN, BARRY HERTZ,
ISAAC HOLTZ, FAY ENGLEMAN,
LIVIA COHEN, OCEAN
MANAGEMENT GROUP, JACK
SCHMIDT, ELI SCHWARTZ,
JESSICA SCHACH, JOE GRUEN,
GARY EISENBERGER,
and MILTON NUEMAN,

    Defendants-Respondents,

and

UNITED PAVING CONTRACTORS,

    Defendants.

and

A COUNTRY PLACE
CONDOMINIUM ASSOCIATION,
INC., A COUNTRY PLACE
CONDOMINIUM ASSOCIATION
BOARD OF DIRECTORS, BARRY
FRISCHMAN, BARRY HERTZ,
ISAAC HOLTZ, FAY ENGLEMAN,
LIVIA COHEN, OCEAN
MANAGEMENT GROUP, JACK
SCHMIDT, ELI SCHWARTZ,
JESSICA SCHACH, JOE GRUEN,
GARY EISENBERGER, and
MILTON NUEMAN,

        Defendants/Third-Party
        Plaintiffs-Respondents,

v.

UNITED PAVING CONTRACTORS,

        Third-Party Defendant.

_____

> Submitted November 2, 2020 – Decided November 23, 2020
>
> Before Judges Fasciale and Susswein.
>
> On appeal from the Superior Court of New Jersey, Chancery Division, Ocean County, Docket No. C-000210-16.
>
> Paul Richman, appellant pro se.
>
> Costigan & Costigan, attorneys for respondents (Angela Maione Costigan, on the brief).

2

Methfessel & Werbel, attorneys for respondents as to Counts 11, 12 and 13 only (Christian R. Baille, of counsel and on the brief).

PER CURIAM

Plaintiff appeals from two orders: a February 16, 2018 order granting plaintiff's counsel's motion to be relieved as counsel; and a January 11, 2019 order granting summary judgment in favor of A Country Place Condominium Association, Inc. (ACP), ACP Board of Directors (Board), Board members in their individual capacity, and Ocean Management Group (OMG) (collectively defendants) dismissing all of plaintiff's nineteen claims. The judge did not abuse his discretion by granting plaintiff's counsel's motion to be relieved as counsel, and the judge correctly granted summary judgment in favor of defendants as to all claims except plaintiff's New Jersey Law Against Discrimination (LAD) claim. We therefore affirm and reverse only as to the LAD claim, pointing out that the Court of Appeals for the Third Circuit in Curto v. A Country Place Condo. Ass'n, Inc., 921 F.3d 405 (3d Cir. 2019) reversed the District Court's decision on which the judge substantially and erroneously relied to dismiss the LAD claim.

Plaintiff is a resident of ACP. In September 2016, through prior counsel, plaintiff filed an eight-count complaint against defendants, followed by a first-

3

and second-amended complaint in December 2016.  Plaintiff's allegations include malicious prosecution, breach of contract, tortious interference with easements, ouster, violations of the New Jersey Condominium Act (NJCA), violations of the LAD, negligent property damage, and breach of fiduciary duty, among multiple other claims.

In February 2018, plaintiff's counsel filed a motion to be relieved as counsel.  The judge granted that motion, and plaintiff proceeded pro se.  In September 2018, defendants filed their motion for summary judgment, and in January 2019, after conducting oral argument, the judge granted the motion and rendered a thorough oral opinion.

On appeal, plaintiff raises the following points for our consideration[1]:

> POINT I
> Malicious Prosecution (harassment, emotional distress – plaintiff and wife death, etc.)[.]
>
> POINT II
> Breach of [C]ontract/[D]eclaratory Judgment (settlement term)[.]

---

[1] Defendants ask us to dismiss plaintiff's appeal for failure to comply with the appellate rules.  We decline to do so.  We granted plaintiff's motion to accept his appellate brief "as is."  Additionally, dismissal of an appeal is the most drastic sanction and should be cautiously utilized, see Crispin v. Volkswagenwerk A.G., 96 N.J. 336, 345 (1984).  Dismissal is inappropriate here.

A-2685-18T2

POINT III
Breach of an [I]mplied [C]ovenant of [G]ood [F]aith and [F]air [D]ealing[.]

POINT IV
Tortious [I]nterference [W]ith [E]njoyment of an [E]asement (Trespassing/ACP took away my membership rights)[.]

POINT V
Ouster (Trespassing/could not go to clubhouse)[.]

POINT IV
Tortious [I]nferference [W]ith [E]njoyment of an [E]asement (Trespassing)[.]

POINT VII
Ouster (Trespassing)[.]

POINT VIII
Tortious [I]nterference [W]ith [E]njoyment of an [E]asement (Pool)[.]

POINT IX
Breach of [NJCA], N.J.S.A. 46:8B-1 et seq. (Pool)[.]

POINT X
Violation of the [LAD] (Pool)[.]

POINT XI
Negligent Property Damage (Driveway/loss of magazines)[.]

POINT XII
Breach of [NJCA], N.J.S.A. 46:8B-1 et seq[.] (Driveway/loss of magazines)[.]

A-2685-18T2

POINT XIII
Breach of Master Deed and By-Laws, N.J.S.A. 46:8B-1 et seq[.] (Roof)[.]

POINT XIV
Breach of [NJCA], N.J.S.A. 46:8B-14 et seq[.] (Roof)[.]

POINT XV
Breach of Master Deed and By-[L]aws. N.J.S.A. 46:8B-1 et seq[.] (Roof)[.]

POINT XVI
Breach of [NJCA], N.J.S.A. 46:8B-1 et seq[.] (Elections)[.]

POINT XVII
Breach of Fiduciary Duty, N.J.S.A. 46:8B-1 et seq[.]

POINT XVIII
Breach of the By-Laws, N.J.S.A. 46:8B-1 et seq[.]

POINT XIX
Breach of Fiduciary Duty, N.J.S.A. 48:8B-1 (Self-Dealing/Sewage)[.]

Plaintiff amended his appeal to include the following contention, which we have renumbered:

[POINT XX]
[The judge abused his discretion when he granted plaintiff's counsel's motion to be relieved as counsel.]

I.

We begin by addressing plaintiff's argument that the judge erred in granting his counsel's motion to be relieved. Plaintiff notes his numerous disagreements with assertions contained in his former counsel's certification. Defendants argue that the judge properly relieved plaintiff's counsel because there was "obvious friction between plaintiff and his counsel and a deterioration of the attorney[-]client relationship." We conclude that the judge did not abuse his discretion by granting plaintiff's attorney's motion to be relieved as counsel. See Jacob v. Pendel, 98 N.J. Super. 252, 255 (App. Div. 1967) (noting that "[t]he granting of [counsel's] leave by the court is generally in the discretion of the court").

Withdrawal is governed by Rule 1:11-2. In a civil action, once a trial date has been fixed an attorney may only "withdraw without leave of court . . . upon the filing of the client's written consent," among other things. R. 1:11-2(a)(2). Without the client's consent, counsel may only withdraw after giving notice to their client and with leave of court, and the withdrawal must be based on one of the permissible bases provided in the Rules of Professional Conduct (RPC). R. 1:11-2(a)(2); R.P.C. 1.16(b). Permissible reasons for terminating representation provided in the RPC include if "withdrawal can be accomplished without

A-2685-18T2

material adverse effect on the interests of the client" or if "the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement[.]"  R.P.C. 1.16(b)(1), (b)(4).

Plaintiff's attorney asserted that being relieved as counsel would not have a materially adverse effect on plaintiff's interests because he filed his motion to be relieved during the discovery phase, where there would be ample time to retain counsel that is "just as competent, if not more so" to handle the case. Additionally, plaintiff's attorney and his firm "fundamentally disagree[d]" with plaintiff and his desired courses of action because the "firm has no experience in [condominium association law.]"  Plaintiff and his attorney initially agreed that they would pursue a malicious prosecution claim against defendants; however, plaintiff soon demanded that they add eighteen additional claims to the complaint in areas of law that the attorney and his firm do not practice. Plaintiff's attorney "urg[ed] [p]laintiff to seek other counsel more familiar with condominium association law on numerous occasions," both in letters and meetings, but to no avail.  We see no abuse of discretion by granting the motion, especially since the motion had been made well before the discovery end date, the withdrawal did not have a materially adverse effect on plaintiff's interests,

and there were clear fundamental disagreements between plaintiff and his counsel.

## II.

We now turn to the order granting summary judgment, which we review under the same standard that governed the motion judge. Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J 189, 199 (2016). Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." Ibid. (quoting R. 4:46-2(c)).

We view the evidence "in the light most favorable to the non-moving party" to determine whether it is "sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). Although we "must accept as true all the evidence which supports the position of the party defending against the motion and must accord him . . . the benefit of all legitimate inferences which can be deduced therefrom," id. at 535 (quoting Lanzet v. Greenberg, 126 N.J. 168, 174 (1991)), "[c]onclusory and self-serving assertions

A-2685-18T2

. . . are insufficient to overcome the motion." Sullivan v. Port Auth. of N.Y. & N.J., 449 N.J. Super. 276, 283 (App. Div. 2017) (quoting Puder v. Buechel, 183 N.J. 428, 440-41 (2005)). "If the evidence is so one-sided that one party will prevail as a matter of law, summary judgment should be granted." New Gold Equities Corp. v. Jaffe Spindler Co., 453 N.J. Super. 358, 372 (App. Div. 2018).

Considering the judge's reliance on the District Court's reasoning in Curto to grant summary judgment in favor of defendant on plaintiff's LAD claim, which was subsequently reversed by the Third Circuit, we reverse only as to that claim. As to the remaining claims, we affirm for the reasons expressed in the judge's thorough and comprehensive oral opinion. We add the following remarks.

## A. Malicious Prosecution

Plaintiff argues that he sufficiently proved that the 2014 lawsuit brought against him by Rose Hallum (Hallum) and the 2016 lawsuit brought against him by Jessica Schach (Schach), both Board secretaries, satisfied the requirements of malicious prosecution by ACP. Defendants argue that plaintiff did not satisfy his burden of proof that the litigation was initiated without probable cause. We affirm the judge's grant of summary judgment as to plaintiff's malicious prosecution claim because there was probable cause to institute the proceedings

and because Hallum and Schach agreed to dismiss their complaints with stipulations in their individual capacities.

Malicious prosecution arises when a person "recklessly institutes criminal proceedings without any reasonable basis[.]" Lind v. Schmid, 67 N.J. 255, 262 (1975). To succeed on a claim of malicious prosecution, a plaintiff must establish: "(1) that the criminal action was instituted by the defendant against the plaintiff, (2) that it was actuated by malice, (3) that there was an absence of probable cause for the proceeding, and (4) that it was terminated favorably to the plaintiff." Ibid. (citations omitted). "The essence of the cause of action is lack of probable cause, and the burden of proof rests on the plaintiff. The plaintiff must establish a negative, namely, that probable cause did not exist." Id. at 262-63.

There was sufficient probable cause for Hallum's harassment complaint against plaintiff. The judge noted that Hallum included "a police report, certifications, [and] a report of probable cause" along with her complaint. The judge also noted that although Hallum and Schach worked as Board secretaries, they agreed to dismiss their claims with stipulations in their individual capacities, and not in their capacity as employees of ACP or the Board. Because

ACP or the Board were not a party to the dismissal agreement, a malicious prosecution claim cannot be maintained against them.

### B. LAD

Plaintiff argues that the swimming pool schedule that set times for swimming based on gender violates the LAD. Plaintiff points to the Third Circuit's decision in Curto, 921 F.3d 405 (3d Cir. 2019), reversing the District Court's grant of summary judgment. In granting the LAD claim, the judge relied heavily on the District Court's analysis and decision.

In Curto, the District Court was asked to determine whether ACP's rules segregating the use of the swimming pool by sex violated the Fair Housing Act (FHA). Curto v. A Country Place Condo. Ass'n, No. 16-5928, 2018 U.S. Dist. LEXIS 15394, at *10 (D.N.J. Jan. 31, 2018). The District Court granted summary judgment in favor of ACP on the plaintiff's FHA claim because "the gender-segregation schedule applies to men and women equally." Id. at *12. The District Court dismissed plaintiff's LAD claim as moot because the court had already remanded the present case to the Superior Court, where the same pool policy was being challenged under LAD. Id. at *12-13.

The Third Circuit reversed, holding that the rules enacted by ACP "discriminate[d] against women in violation of the FHA." Curto, 921 F.3d at

12

407. The swimming pool schedule permitted men to swim 32.5 hours of the week and permitted women to swim 33.5 hours of the week, with the remainder being nonsegregated swimming time. Id. at 409. However, the Third Circuit was concerned with the way in which the hours were allocated; for example, "women are able to swim for only 3.5 hours after 5:00 p.m. onward on weeknights, compared to 16.5 for men." Id. at 410. The court explained that these sorts of restrictions "appear[] to reflect particular assumptions about the roles of men and women" which are impermissible under the Fourteenth Amendment. Id. at 410-11. Thus, even though ACP provided roughly the same amount of time to both genders, "the schedule discriminates against women under the FHA[.]" Id. at 411.

Disparate impact claims brought under the LAD mirror the analysis of disparate impact claims under the FHA. The New Jersey Supreme Court has "not suggest[ed] that the disparate impact analysis under the LAD would be any different from a disparate impact analysis under case law construing [the FHA]." In re Adoption of 2003 Low Income Housing Tax Credit Qualified Allocation Plan, 369 N.J. Super. 2, 42 (App. Div. 2004). Therefore, "[t]here is no reason to believe that the disparate impact analysis [under the FHA] would be any different under the LAD." Id. at 42-43. The Third Circuit in Curto noted that

13

"[w]here a regulation or policy facially discriminates on the basis of the protected trait, in certain circumstances it may constitute per se or explicit discrimination because the protected trait by definition plays a role in the decision-making process." Curto, 921 F.3d at 410 (citation omitted). And in such a case, a showing of malice is not required when "a plaintiff demonstrates that the challenged action involves disparate treatment through explicit facial discrimination" because "the focus is on the explicit terms of the discrimination." Ibid. (citations omitted).

The judge relied on the District Court's reasoning in Curto that the swimming pool schedule violated the FHA to find that the schedule does not result in disparate treatment under the LAD. The judge was "satisfied and persuaded by [the District Court's] opinion that . . . for the reasons stated in that opinion, there is no separate treatment. There is no disparate treatment . . . on its face." In light of the reversal, the judge's reliance on the District Court's analysis is misplaced, and summary judgment on the LAD claim here was erroneously granted.

### C.  Negligent Property Damage to Plaintiff's Garage

Plaintiff argues that ACP is liable for the damage to his garage and destruction of memorabilia because of flooding that occurred after United

Paving Contractors (UPC) resurfaced his driveway. Plaintiff argues that he does not need to provide an expert report in this case because "[i]f an expert is needed, it is ACP['s] decision." Defendants argue that the judge properly granted their motion for summary judgment because UPC is an independent contractor for which ACP is not liable, and plaintiff failed to provide an expert report. Because it was necessary for plaintiff to file an expert report regarding driveway resurfacing to show UPC's alleged negligence, and because UPC was an independent contractor, we affirm the judge's grant of summary judgment as to these claims.

Employers are not liable for the negligent actions of the independent contractors except in cases where the work performed by the independent contractor is inherently or abnormally dangerous. Bahrle v. Exxon Corp., 145 N.J. 144, 156-57 (1996) (noting that liability when performing inherently or abnormally dangerous activities "stems from a non-delegable duty to exercise reasonable care"). An independent contractor is "a person 'who, in carrying on an independent business, contracts to do a piece of work according to his own methods without being subject to the control of the employer as to the means by which the result is to be accomplished but only as to the result of the work.'" Id.

A-2685-18T2

at 157 (quoting <u>Wilson v. Kelleher Motor Freight Lines, Inc.</u>, 12 N.J. 261, 264 (1953)).

"In general, expert testimony is needed where the factfinder would not be expected to have sufficient knowledge or experience and would have to speculate without the aid of expert testimony." <u>Torres v. Schripps, Inc.</u>, 342 N.J. Super. 419, 430 (App. Div. 2001) (citing <u>Kelly v. Berlin</u>, 300 N.J. Super. 256, 268 (App. Div. 1997)). "A witness must be shown to have certain skills, knowledge or training in a technical area in order to be qualified to give expert testimony." <u>Ibid</u>. (citing N.J.R.E. 702).

The judge properly noted that plaintiff cannot prevail on these claims because he "has not served any expert reports stating that [UPC] deviated from any standards of care that proximately caused plaintiff's damages[.]" A typical juror would not have sufficient knowledge or experience to know whether UPC negligently resurfaced plaintiff's driveway without expert testimony. Nor can ACP be held liable for UPC's negligence if there was proof that they were negligent in their resurfacing the driveway. UPC was an independent contractor hired by ACP to perform driveway resurfacing, work that could not be categorized as inherently or abnormally dangerous.

Affirmed in part, reversed in part, and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2685-18T2