# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2927-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

N.S.T.,[1]

     Defendant-Appellant.

_____

             Submitted September 24, 2025 – Decided October 29, 2025

             Before Judges Currier, Smith, and Berdote Byrne.

             On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FO-12-0101-23.

             Roberts & Teeter, LLC, attorneys for appellant (Michael B. Roberts, on the briefs).

             Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (Hudson E. Knight, Assistant Prosecutor, of counsel and on the brief).

---

[1] We use initials and fictitious names to protect the confidentiality of the record and the privacy interests of the parties. See R. 1:38-3(d)(10).

PER CURIAM

Defendant N.S.T. appeals from the judgment of conviction entered against him after a bench trial, in which the court found him guilty of contempt for violation of a domestic violence temporary restraining order (TRO), N.J.S.A. 2C:29-9(b)(2). During trial, after the alleged victim testified and was cross-examined, defense counsel moved to withdraw from representation. The trial court granted the motion and a continuance to allow defendant to retain substitute counsel. When the hearing resumed, substitute counsel moved to cross-examine the alleged victim a second time, which the trial court denied.

On appeal, defendant claims the trial court: (1) abused its discretion when it granted the motion to withdraw; (2) erred when it failed to declare a mistrial after permitting withdrawal because substitute counsel was not present for the alleged victim's direct or cross-examinations, thereby violating his Sixth Amendment right to confrontation; (3) erred when it applied aggravating factors three, nine, and fifteen and ordered mental health and substance abuse evaluations, and attendance at a batterer's intervention program without support in the record for the sentence.

A-2927-23

We conclude the trial court did not abuse its discretion during trial and defendant's constitutional rights were not violated. Therefore, we affirm the conviction, but we remand for resentencing, consistent with this opinion.

I.

The record demonstrates defendant and "Alice" were in a dating relationship from October 2021 until approximately June 2022. On June 21, 2022, Alice obtained a TRO against defendant, alleging he committed criminal mischief and harassment when he followed her with his car as she drove home from the train station. To evade defendant, Alice alleged she drove faster and made multiple turns before driving to a gas station. Defendant followed her, hit her car, and blocked her exit from the gas station. The TRO also related "a prior history of domestic violence strangulation assault."

The TRO prohibited defendant from returning to the scene of the alleged domestic violence; committing future acts of domestic violence; visiting Alice's residence and place of employment; communicating with Alice through oral, written, personal, electronic, or other forms of contact; making or asking another person to make harassing communications to Alice; stalking, following, or threatening to harm, stalk, or follow Alice; and owning and possessing any firearms or weapons.

A-2927-23

Five days later, Alice was at a gym when defendant approached her. Although she attempted to avoid him, defendant followed her and told her "he wanted [her] to drop the restraining order, to drop . . . [the] harassment charges that were filed in Edison," and she "needed to do that for . . . the sake of his family." Alice left the gym, but defendant drove up to Alice's car and asked her to roll down her window. Alice stayed in the car and called 9-1-1. When he realized Alice was calling the police, defendant left. Defendant was charged with disorderly persons contempt, N.J.S.A. 2C:29-9(b)(2), for violating the TRO.[2]

On the first day of the contempt hearing, the State called Alice as a witness. Defense counsel cross-examined Alice and declined to re-examine her after the State's redirect examination. After Alice's testimony had concluded, the State informed the court it had one more witness, the officer from the Edison Police Department who had served defendant with the TRO. However, the State requested a continuance because the officer was unavailable to appear that day. Defendant objected to the continuance and informed the trial court the defense was "ready to sum up right now." The trial court granted the continuance.

---

[2] Although Alice testified at the hearing an FRO had been subsequently entered, neither party moved the FRO into evidence, the trial court did not consider it, and that FRO is not in the record before us.

A-2927-23

One month later, defendant's counsel filed a motion to withdraw from representation. Defendant's attorney explained there had been a breakdown of the attorney-client relationship and defendant had accused him of colluding with plaintiff's attorney to have him found guilty. The trial court allowed counsel to withdraw and adjourned the trial to provide defendant the opportunity to retain new counsel.

Defendant retained substitute counsel who represented him at the continued hearing. The State called the police officer who served defendant with the TRO, and he testified on direct and cross-examination. Defendant's substitute counsel then moved to cross-examine Alice a second time. After hearing argument on the motion, the trial court denied additional cross-examination of Alice. The court reasoned that substitute counsel had failed to subpoena Alice or request the State produce Alice, who was the State's witness and whose cross-examination had already concluded. Moreover, the court explained the trial had been continued for the retention of new counsel, not for a new trial.

Defendant filed a supplemental motion to re-examine Alice. At the second oral argument in April, for the first time, defendant, through his new counsel, informed the court he was seeking to cross-examine the victim on the

5

limited issue of whether there was an application on her cell phone that would have alerted her to defendant's location. However, this topic had not been the subject of prior testimony, and no evidence had been provided to the State in discovery. The trial court declined to require the State to produce Alice for new examination.

The trial court subsequently found defendant guilty of violating N.J.S.A. 2C:29-9(b)(2), disorderly persons contempt of a TRO. At sentencing, the court considered aggravating factors three, risk of another offense, N.J.S.A. 2C:44-1(a)(3); nine, need for deterrence, N.J.S.A. 2C:44-1(a)(9); and fifteen, a domestic violence act and at least one domestic violence act on more than one occasion, N.J.S.A. 2C:44-1(a)(15). It considered mitigating factors seven, no history of prior delinquency, N.J.S.A. 2C:44-1(b)(7), and ten, likelihood to respond positively to probationary treatment, N.J.S.A. 2C:44-1(b)(10). The trial court then sentenced defendant to eight days of jail time with credit for time served, twenty-four months of probation, mental health evaluation and treatment as deemed necessary, substance abuse evaluation and treatment as recommended by probation, and admission into the batterer's intervention program.

This appeal followed.

II.

On appeal, defendant raises the following issues:

I.    THE COURT BELOW ABUSED ITS DISCRETION IN ALLOWING TRIAL COUNSEL TO BE RELIEVED MID-TRIAL

II.   THE COURT BELOW SHOULD HAVE DECLARED A MISTRIAL AFTER ALLOWING TRIAL COUNSEL TO BE RELIEVED WHEN NEW COUNSEL WAS NOT PRESENT DURING COMPLAINANT'S TESTIMONY

III.  DEFENDANT'S RIGHTS OF CONFRONTATION AND COMPULSORY PROCESS WERE VIOLATED WHEN THE COURT BELOW DENIED DEFENDANT'S REQUEST TO RECALL THE COMPLAINANT

IV.   THE COURT SHOULD REMAND FOR RESENTENCING WHEN THERE WAS NO BASIS FOR THE COURT TO FIND AGGRAVATING FACTORS 3, 9 or 15 OR ORDER A CDS EVALUATION, MENTAL HEALTH EVALUATION, OR BATTERERS INTERVENTION PROGRAM

V.    THE CUMULATIVE ERRORS BELOW VIOLATED DEFENDANT'S CONSTITUTIONAL RIGHTS

A.    Withdrawal of Representation.

"Absent the client's consent, an attorney may not withdraw from a criminal matter without leave of court."  State ex rel. S.G., 175 N.J. 132, 141

7

(2003); see also Rule 1:11-2(a)(2). "An attorney may withdraw for justifiable and lawful cause, after giving proper notice and obtaining leave of court." State v. Johnson, 274 N.J. Super. 137, 147 (App. Div. 1994). The decision to permit withdrawal is committed to the discretion of the trial court and "depends upon such considerations as proximity of the trial date and possibility for the client to obtain other representation." Ibid. (quoting Jacobs v. Pendel, 98 N.J. Super. 252, 255 (App. Div. 1967)).

Defendant contends the trial court should not have allowed counsel to withdraw from representation once the hearing had commenced, claiming the court erroneously decided the issue pursuant to the rules of professional conduct and not a court rule. Citing Rule 1:11-2, defendant argues an attorney cannot withdraw in a criminal matter once the trial date is set and "certainly [can]not after trial has commenced." Then, relying on Family Part rules, specifically Rule 5:3-5(e)(1), defendant argues an attorney in a family matter is only allowed to withdraw from representing a client "on or more than [ninety] days from the trial date."

This contempt proceeding took place in the Family Part. Rule 5:3-5(e) governs the withdrawal of an attorney from representation in Family Part cases:

(e) Withdrawal from Representation.

(1) An attorney may withdraw from representation ninety (90) days or more prior to the scheduled trial date on the client's consent in accordance with R. 1:11-2(a)(1). If the client does not consent, the attorney may withdraw only on leave of court as provided in subparagraph (2) of this rule.

(2) Within ninety (90) days of a scheduled trial date, an attorney may withdraw from a matter only by leave of court, on motion with notice to all parties.

[R. 5:3-5(e)(1) to (2)]

The Rules of Professional Conduct also address an attorney's termination of representation. RPC 1.16 provides the following:

(a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:

(1) the representation will result in violation of the Rules of Professional Conduct or other law;

. . . .

(b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:

(1) withdrawal can be accomplished without material adverse effect on the interests of the client;

9

(2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;

(3) the client has used the lawyer's services to perpetrate a crime or fraud;

(4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;

(5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(7) other good cause for withdrawal exists.

(c) A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

[RPC 1.16(a) to (c)]

Here, defense counsel filed a motion to withdraw, which was initially denied. He then made an oral motion, to renew his withdrawal application, stating:

It's related to the client not following the advice of his attorney. This resulted in [my] recusing myself in another two matters that are pending in Edison, and I was relieved as counsel by the [municipal court judge] . . . in Edison.

. . . .

[Defendant] has now accused me of acting in concert with [Alice's] attorney and conspiring to have him convicted. [Defendant] does not—as far as I understand, does not wish to have me represent him, and I believe that I cannot represent him at this point.

In his certification, defense counsel explained "there has been a complete breakdown of the attorney-client relationship. [Defendant] is no longer trusting in the advice being provided, and therefore, my firm cannot continue to provide [defendant] with legal services."

The trial court "accept[ed] [defense counsel's] representation as an officer of the court that there is an ethical reason under [RPC 1.16], subpart . . . (b)(2), (b)(3), and (b)(4). It could be under all three."

The trial court did not abuse its discretion in granting counsel's request to withdraw. Pursuant to Rule 5:3-5(e)(2), counsel sought withdrawal by leave of court, on motion with notice to all parties with his "affidavit or certification setting forth the reasons for the application." Contrary to defendant's claim, Rule 5:3-5(e) does not preclude withdrawal within the ninety-day period; rather,

11

it prescribes the requirements for withdrawal within that period, including after trial has commenced. The trial court specifically considered RPC 1.16 to determine whether the first defense counsel could withdraw from representing defendant. It found defense counsel presented an unresolvable ethical conflict pursuant to RPC 1.16(b)(2), (3), and (4). We discern no abuse of discretion.

B.     The Trial Court's Denial of Defendant's Request to Recall Alice.

Defendant also contends the trial court erred when it did not sua sponte declare a mistrial after it allowed defense counsel to withdraw his representation because substitute counsel was not present for Alice's testimony and did not have the opportunity to observe her demeanor. Relatedly, defendant maintains his Sixth Amendment right to confront witnesses was violated when the trial court denied his request to recall Alice in order to question her based on her phone application, which may have demonstrated she was aware defendant was in the gym at the time she chose to go on the day in question.

"Because a violation of a restraining order is punishable as a criminal act, the defendant is entitled to the rights of all criminal defendants." State v. E.J.H., 466 N.J. Super. 32, 37 (App. Div. 2021). The Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution both guarantee defendants the right to confront witnesses and to cross-examine

12

accusers. U.S. Const. amend. VI; N.J. Const. art. I, ¶ 10; State v. Branch, 182 N.J. 338, 348 (2005). "[T]he Confrontation Clause of the United States Constitution bars the 'admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination.'" State v. Slaughter, 219 N.J. 104, 116-17 (2014) (quoting Crawford v. Washington, 541 U.S. 36, 53-54 (2004)). It reflects "a preference for the in-court testimony of a witness, whose veracity can be tested by the rigors of cross-examination." State ex. rel. J.A., 195 N.J. 324, 342 (2008).

However, if defense counsel elects not to question a witness on certain topics for strategic reasons, the defendant's right of confrontation is not violated. State v. Nyhammer, 197 N.J. 383, 413-14 (2009) (finding no confrontation clause violation where defense counsel elected to refrain from asking on cross-examination certain questions of a child victim whose out-court-statements were admitted under a hearsay exception).

Here, the defense counsel had the opportunity and did thoroughly cross-examine Alice. He was also given the opportunity to re-examine Alice after redirect, but declined to further question her. Defendant's confrontation rights

A-2927-23

were not violated.  U.S. Const. amend. VI; N.J. Const. art. I, ¶ 10; Branch, 182 N.J. at 348.

Moreover, substitute counsel would not have been permitted to question Alice as to an application on her phone that was neither requested in discovery nor produced.  And Alice's knowledge of defendant's whereabouts, even if proven, would not have been a valid defense to defendant's approaching Alice at the gym, asking her to dismiss the charges, or driving to her car after she left the gym—all knowing violations of the TRO.  We conclude the trial court did not commit error by failing to declare a mistrial for these reasons.

C.      Whether the Trial Court Erred in its Sentencing of Defendant.

Review of a sentence is guided by an abuse of discretion standard.  State v. Torres, 246 N.J. 246, 272 (2021).  We "must affirm the sentence of a trial court unless:  (1) the sentencing guidelines were violated; (2) the findings of aggravating and mitigating factors were not 'based upon competent credible evidence in the record;' or (3) 'the application of the guidelines to the facts' of the case 'shock[s] the judicial conscience.'"  State v. Bolvito, 217 N.J. 221, 228 (2014) (quoting State v. Roth, 95 N.J. 334, 364-65 (1984)).  We defer to the court's determination and do not substitute our judgment for that of the sentencing court.  State v. Fuentes, 217 N.J. 57, 70 (2014).

Defendant maintains the trial court found aggravating factors three, nine, and fifteen without further analysis or support in the record and argues factors three and nine do not apply because he has no prior convictions. He also argues the court improperly found aggravating factor fifteen applied when it considered Alice's testimony about the events which led to the TRO and "some general claims about previously being in an abusive relationship" because the court cannot find factor fifteen on "a charge of contempt based upon the factual predicate for the TRO" because this would "amount to 'double use of elements.'" Defendant claims "for [him] to be guilty of violating a restraining order, there must have been a restraining order in place. . . . [and] consider[ing] the factual predicate which led to . . . the TRO as basis for aggravating factor [fifteen] would amount to 'double use' on a conviction for contempt." Further, defendant asserts the trial court had "no basis" for requiring him to be evaluated for substances and mental health and to complete the batterer's intervention program.

A person is guilty of contempt "if that person purposely or knowingly violates any provision in an order entered under the provisions of the Prevention of Domestic Violence Act [(PDVA)]." N.J.S.A. 2C:29-9(b)(2). To establish criminal liability for contempt, the State must prove beyond a reasonable doubt:

(1) there was an order entered; (2) defendant knew of the existence of the order; and (3) defendant purposefully or knowingly disobeyed the order. State v. Chenique-Puey, 145 N.J. 334, 341-42 (1996). Pursuant to N.J.S.A. 2C:29-9(b)(2), "a person is guilty of a disorderly persons offense if that person purposely or knowingly violates an order entered under the provisions of the [PDVA]." "A person acts knowingly with respect to the nature of his conduct or the attendant circumstances if he is aware that his conduct is of that nature, or that such circumstances exist, or he is aware of a high probability of their existence." N.J.S.A. 2C:2-2(b)(2).

The trial court found: there was a TRO entered under the provisions of the PDVA; defendant "knew of the existence of that order" as evidenced by the credible testimony of the Edison police officer who personally served defendant with the TRO on June 21, 2022; and defendant purposely and knowingly violated the provisions of the order, making detailed credibility determinations as to defendant's and Alice's testimony. However, the trial court did not consider the conditions imposed, if any, by the Final Restraining Order (FRO). In fact, although it believed Alice's testimony that an FRO had been entered prior to the contempt hearing for the charges set forth in the TRO, it did not request or obtain the FRO to consider the findings or the sentence in light of the aggravating and

16                                                                    A-2927-23

mitigating factors or any terms and conditions the FRO may have already imposed upon defendant. Because the parties have not supplied the FRO order or the transcript of that hearing, we are likewise unable to determine whether defendant's sentence is improper or the mandates imposed are duplicative of mandates set forth in the FRO, constraining us to vacate the sentence and remand the matter for resentencing.

Affirmed as to the conviction. The sentence is vacated, and the matter is remanded for resentencing, after which the sentencing court shall amend the judgment of conviction accordingly. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division